UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TYNISKI EVANS | CIVIL ACTION |
| VERSUS | NO. 15-6841 |
| DILLARD UNIVERSITY | SECTION "N" (2) |

### ORDER AND REASONS

Before the Court is a motion to dismiss (Rec. Doc. 23) filed by the defendant, Dillard University ("Defendant"), pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant contends that this Court lacks subject matter jurisdiction and, additionally, that the plaintiff, Tyniski Evans ("Plaintiff"), fails to state a claim upon which relief can be granted. While Plaintiff filed an opposition (Rec. Doc. 28), it is unresponsive to the legal grounds raised by Defendant. For the reasons stated herein, **IT IS ORDERED** that Defendant's motion is **GRANTED** to the extent that the action of the Complaint is **DISMISSED WITHOUT PREJUDICE**.

**I. Background**

Plaintiff, who appears *pro se*, purports to have attended Dillard University during an undisclosed period of time. On December 15, 2015, she filed a four-paragraph complaint against Defendant for grievances relating to her term as a student at the University. Although written in obscure fashion, the Complaint does reference specific claims, such as sexual harassment, mental and physical abuse, perjury, and defamation. However, the factual allegations presented in the Complaint are tortuous and, at times, otherworldly. They include, *inter alia*, accusations of professors and students casting magic and performing mind tricks.

In response, Defendant moves for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), noting the following primary deficiencies of the pleading: (1) its failure to state

grounds for the Court's jurisdiction, despite the presence of a section entitled "Jurisdiction;" and (2) its failure to identify any source of law, federal or state, upon which Plaintiff's claims are based.

### II. Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action upon a finding by the court that it does not have subject matter jurisdiction. Subsection (6) of the same rule provides for dismissal based on a party's failure to state a claim upon which relief can be granted. Where "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions," including one brought under Rule 12(b)(6), "the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ("Ordinarily, where both [Rule 12(b)(1) and 12(b)(6)] grounds for dismissal apply, the court should dismiss only on the jurisdictional ground . . . without reaching the question of failure to state a claim under Fed. R. Civ. P. 12(b)(6).")). This approach ensures that a court without jurisdiction is prevented "from prematurely dismissing a case with prejudice." *Ramming*, 281 F.3d at 161.[1]

The court must grant a motion to dismiss for lack of subject matter jurisdiction when it does not have the requisite statutory or constitutional power to adjudicate the case. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir.1996)). As the party invoking the jurisdiction of the federal court, the plaintiffs bears the burden of demonstrating that jurisdiction exists. *Dow v. Agrosciences, LLC v. Bates,* 332 F.3d 323, 326 (5th Cir. 2003).

---

[1] Lack of subject matter jurisdiction warrants a dismissal without prejudice, and, as a decision not on the merits, it "permits the plaintiff to pursue his claim in the same or in another forum." *Hitt*, 561 F.2d at 608.

**III. Law and Analysis**

Two of the most common ways to invoke the subject matter jurisdiction of the federal courts are via federal question and diversity. *See* 28 U.S.C. §§ 1331-1332. For purposes of diversity jurisdiction, "all plaintiffs must be diverse in citizenship from all defendants in an action brought under the jurisdiction conferred by 28 U.S.C. § 1332(a)." *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-40 (5th Cir. 1990). In this case, the contents of the Complaint indicate that both Plaintiff and Defendant are citizens of the state of Louisiana.[2] Thus, federal question jurisdiction, under 28 U.S.C. § 1331, appears to be the only possible basis for establishing the jurisdiction of this Court.

"Federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474 (1998) (citations omitted). To invoke federal question jurisdiction, a plaintiff must plead a colorable claim "arising under" the Constitution or laws of the United States. *See Arbough v. Y & H Corp.*, 546 U.S. 500, 501 (2006). Here, Plaintiff has neither referenced a federal statute nor indicated that she has asserted a claim under federal law. In fact, many of the allegations made by Plaintiff do not appear actionable under any law. These include accusations of professors and/or classmates casting magic, appearing in Plaintiff's dreams, engaging in simple name calling, and "talking down" to Plaintiff. Other claims specifically referenced in the Complaint, namely assault,

---

[2] The Court recognizes that an individual's citizenship under 28 U.S.C. § 1332 turns on domicile, not residence. Nonetheless, based on Plaintiff's purported enrollment at a local university and her New Orleans address, the Court is under the strong impression that Plaintiff is a citizen of the state of Louisiana. Plaintiff has supplied the Court with no reason to believe otherwise, which is her burden.

battery, and defamation, are causes of action that generally arise under state law and should be adjudicated, if at all, by a Louisiana state court. Ultimately, none of the causes of actions, either named in or implicated by the Complaint, relate to a right that is distinctly federal in nature. As a source of federal law has not been revealed, the Court finds that Plaintiff has failed to carry her burden of establishing subject matter jurisdiction.

### IV. Conclusion

For the foregoing reasons, **IT IS ORDERED** that Defendant's Rule 12(b)(1) motion to dismiss is **GRANTED** and that the Complaint is **DISMISSED WITHOUT PREJUDICE**.[3] This ruling considered, the Court declines to address grounds for dismissal under Federal Rule of Civil Procedure 12(b)(6).

New Orleans, Louisiana, this 5th day of August, 2016.

**KURT D. ENGELHARDT**
**United States District Judge**

---

[3] Where, as here, a complaint is dismissed, without prejudice, for a jurisdictional deficiency, a *pro se* plaintiff has no right to amend the pleading. *See Lankster v. AT & T*, 2013 WL 1389982, *4 (S.D.Ala. Apr. 4, 2013). And, while it is the general tendency in this district to allow leave to amend liberally, the Court is consciously deviating from that practice in this case. Plaintiff has demonstrated, by her submissions to the Court, an inability to address the jurisdictional infirmities noted herein. Further, the Complaint is too incoherent, bizarre, and thus incomprehensible to warrant further consumption of the resources of this Court and Defendant. Finally, it is the firm opinion of the Court that a more carefully drafted complaint would nevertheless fail to reveal subject matter within the jurisdiction of the federal courts. While Plaintiff is free to bring her claims before a tribunal of competent jurisdiction, the present Complaint will not be revived.